**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darrell BEAULIEU, Defendant–Appellant.**

No. 88–2586.

United States Court of Appeals, Tenth Circuit.

Jan. 10, 1990.

packages of heroin received in the mail held to satisfy the overt-act requirement).

Robert G. McCampbell, Asst. U.S. Atty. (William S. Price, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Rand C. Eddy, Asst. Federal Public Defender (David Booth, Federal Public Defender, on the brief) Oklahoma City, Okl., for defendant-appellant.

Before TACHA and SETH, Circuit Judges, and BROWN *, District Judge.

WESLEY E. BROWN, Senior District Judge.

This appeal raises the issue of what information a sentencing judge may consider in making factual determinations under the Federal Sentencing Guidelines.

Appellant Darrell Beaulieu pled guilty in the district court to one count of conspiracy to manufacture amphetamine and one count of attempting to manufacture amphetamine (21 U.S.C. § 846). He was sentenced to a prison term of 98 months.

---

* The Honorable Wesley E. Brown, Senior Judge, U.S. District Court for the District of Kansas, sitting by designation.

The district court held an appropriate hearing before imposing sentence upon the defendant. The defendant was given an opportunity to object to the presentence report and to present any relevant information to the court. *See* Rule 32, Fed.R. Crim.P. One of the issues at the hearing was whether appellant was an "organizer or leader" of a criminal activity under § 3B1.1 of the Guidelines. Section 3B1.1 provides that a defendant's offense level may be increased as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involves five or more participants or was otherwise extensive, increase by 4 levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

At the conclusion of the sentencing hearing, the district court found that appellant was an "organizer or leader" of a criminal activity[1] and increased appellant's sentence under § 3B1.1(a). In reaching this conclusion, the sentencing judge relied on testimony from the trial of appellant's two brothers, who were involved in the same drug conspiracy as appellant.[2] Several witnesses at the brothers' trial gave the details of the drug conspiracy and named appellant as the leader of the operation. Although appellant did not object at the sentencing hearing, he now argues that the sentencing judge committed fundamental error by considering testimony from a separate trial as evidence at appellant's sentencing (citing *United States v. Castellanos*, 882 F.2d 474 (11th Cir.1989)).[3] Additionally, appellant argues that the information presented to the court does not support a conclusion that appellant was an "organizer or leader" of the criminal activity.

*I. Consideration of trial testimony.*

 Appellant's first argument is that the sentencing judge erred by considering testimony from a separate trial at appellant's sentencing hearing. We find no constitutional, statutory, or procedural rule, however, that would bar the sentencing judge's consideration of relevant and reliable information of the type used in this case. Plainly, the Federal Rules of Evidence do not apply at sentencing. Fed.R. Evid. 1101(d)(3). Moreover, courts have traditionally been allowed to consider all sources of information in formulating an appropriate sentence: "[N]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Prior to the enactment of the Sentencing Guidelines, the circuit courts had uniformly held that reliable hearsay evidence could be considered in the sentencing determination. *See e.g., United States v. Shepherd,* 739 F.2d 510, 515 (10th Cir.1984) (The sentencing judge may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain.); *United States v. York,* 830 F.2d 885, 893 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Cusenza,* 749 F.2d 473, 478 (7th Cir.1984); *United States v. Lee,* 818 F.2d 1052, 1055 (2nd Cir.1987), *cert. denied,* 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376. We find nothing in the Guidelines to suggest that a different rule now applies. Section 6A1.3 of the Guidelines provides:

(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute con-

---

1. Appellant conceded that the criminal activity here had five or more participants or was otherwise extensive.

2. The district judge who sentenced appellant presided at appellant's brothers' jury trial.

3. We do not fault counsel for failing to object to the consideration of this testimony. The *Castellanos* case was decided after appellant's sentencing hearing and we find no other cases holding that the consideration of such testimony is error.

cerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

The Commentary to this section adds: In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. § 3661. Any information may be considered, so long as it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Marshall,* 519 F.Supp. 751 (D.C.Wis. 1981), *aff'd* 719 F.2d 887 (7th Cir.1983); *United States v. Fatico,* 579 F.2d 707 (2nd Cir.1978). Reliable hearsay evidence may be considered. Out-of-court declarations by an unidentified informant may be considered "where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means." *United States v. Fatico,* 579 F.2d at 713. Unreliable allegations shall not be considered. *United States v. Weston,* 448 F.2d 626 (9th Cir. 1971).

It is clear from these passages that the Guidelines were not intended to place new restrictions on the *sources of information* available to the sentencing judge. *United States v. Sciarrino,* 884 F.2d 95 (3rd Cir. 1989) ("As a matter of due process ... the enactment of the Sentencing Reform Act of 1984 requires no different rules with respect to what evidence may be used in determining a sentence than were already in place.") The Guidelines expressly allow the use of *any reliable information.* When there is reason to question the reliability of the information made available to the judge, the Guidelines endorse the preexisting practice of allowing the district court to conduct an evidentiary hearing.

*See Commentary to Sentencing Guideline* § 6A1.3 (citing *United States v. Fatico,* 603 F.2d 1053, 1057 n. 9 (2nd Cir.1979)). In arriving at the appropriate sentence within the Guideline standards, then, the judge may use any reliable source of information—just as he or she could before the adoption of the Guidelines.

■■■ Although *United States v. Castellanos,* 882 F.2d 474 (11th Cir.1989) supports appellant's argument, we do not find that case to be persuasive. In *Castellanos,* as in the instant case, the judge who sentenced the defendant relied on testimony from the trial of the defendant's co-conspirators. The *Castellanos* court, without any citation of authority, held that a sentencing judge could not rely on testimony adduced at the trial of another in sentencing the defendant. The court reasoned that such evidence could not be used because the defendant had not had an opportunity to object to it or to cross-examine the witnesses whose testimony was used.[4] In our view, this broad holding does not adequately recognize the differences between the guilt phase and the sentencing phase of a criminal proceeding. The Supreme Court has made clear that the constitutional requirements mandated in a criminal trial as to confrontation and cross-examination do not apply at non-capital[5] sentencing proceedings. *United States v. Sunrhodes,* 831 F.2d 1537, 1543 (10th Cir. 1987) (citing *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) and *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959)). *Cf. Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967) (When sentencing amounts to an additional criminal conviction, the defendant is entitled to the full procedural protections applicable to a fair trial.) Clearly, a defendant at sentencing does not have an absolute right to confront witnesses whose information is made available to the court. *Sunrhodes,*

**4.** It is not clear if the court's decision was grounded in the Due Process Clause of the Fifth Amendment, the Confrontation Clause of the Sixth Amendment, the Sentencing Guidelines, or the Federal Rules of Evidence.

**5.** Our discussion does not pertain to capital punishment sentencing procedures. *Cf. Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) and *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

831 F.2d at 1543; *United States v. Carmona*, 873 F.2d 569 (2nd Cir.1989) ("It is not a denial of due process for the trial judge, when determining sentence, to rely on evidence given by witnesses whom the defendant could neither confront nor cross-examine. [citing *Williams v. New York, supra.*] The fact that some material, upon which the trial judge relied, had its source in a judicial proceeding in which appellant was not a defendant ... does not bar its use."). Additionally, as we have already indicated, nothing in the text of the Sentencing Guidelines requires the exclusion of testimony originating from a separate trial.[6] And finally, the Federal Rules of Evidence, which might bar hearsay evidence from the guilt phase of a trial, do not apply at sentencing. *Sunrhodes, supra.* We believe the better rule, therefore, is that reliable hearsay—including testimony from a separate trial—may be used at sentencing to determine the appropriate punishment. *See United States v. Silverman*, 889 F.2d 1531 (6th Cir.1989); *United States v. Sciarrino*, 884 F.2d 95 (3rd Cir.1989). *See also United States v. Roberts*, 881 F.2d 95, 105 (4th Cir.1989).

■ Due process requires that a defendant not be sentenced on the basis of "misinformation of a constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972). This right is protected by the requirement that the defendant be given adequate notice of and an opportunity to rebut or explain information that is used against him. As it pertains to hearsay information, due process requires that the information used have "some minimal indicium of reliability beyond mere allegation." *See Sunrhodes*, 831 F.2d at 1542 (citing *United States v. Fulbright*, 804 F.2d 847, 853 (5th Cir.1986)). Cf. *Commentary to Sentencing Guideline* § 6A1.3 ("Any information may be considered, so long as it has 'sufficient indicia of reliability to support its probable accuracy.' ") We find no violation of these standards in the present case. The testimony relied on by the sentencing judge bore sufficient indicia of reliability to warrant its use at sentencing. Numerous witnesses at the Beaulieu brothers' trial named appellant as the leader of the amphetamine operation. This testimony was corroborated by physical and documentary evidence at the trial and by appellant's admissions at his sentencing hearing. We reject appellant's argument that the consideration of this testimony was erroneous.

II. *Sufficiency of the information at sentencing.*

■ Appellant's second argument is that the information before the sentencing judge did not support the judge's finding that appellant was an "organizer or leader" of the criminal activity.[7] We review this

---

6. The Guidelines do not impose any procedural requirements that would bar the use of testimony from a separate trial. Section 6A1.3(b) provides: "The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. (effective Nov. 1, 1987), notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence."
Rule 32(a)(1) provides in part:
At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the Government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence. Before imposing sentence, the court shall also—* * *
(B) afford counsel for the defendant an opportunity to speak on behalf of the defendant; and
(C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of the sentence.
Rule 32(c)(3) provides in part: "The court shall afford the defendant and the defendant's counsel an opportunity to comment on the [presentence] report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." *See also United States v. Peterman*, 841 F.2d 1474, 1484 (10th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 783, 102 L.Ed.2d 774.

7. The district court correctly held that the burden was on the Government to prove this enhancement factor by a "preponderance of the evidence." *See e.g., United States v. Burke*, 888 F.2d 862 (D.C.Cir.1989); *United States v. Guerra*, 888 F.2d 247 (2nd Cir.1989); *United States v. Urrego–Linares*, 879 F.2d 1234, 1237 (4th Cir. 1989). Although these cases refer to a preponderance "of the evidence," we note that the Federal Rules of Evidence do not apply at sen-

factual finding under a "clearly erroneous" standard. 18 U.S.C.A. § 3742(e) (West Supp.1989); *United States v. Velasquez–Mercado,* 872 F.2d 632, 635 (5th Cir.1989), *cert. denied,* ⸺ U.S. ⸺, 110 S.Ct. 187, 107 L.Ed.2d 142; *United States v. Wright,* 873 F.2d 437, 445 (1st Cir.1989). Thus, we will not reverse the district court unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made. *Bill's Coal Company v. Board of Public Utilities of Springfield, Mo.,* 887 F.2d 242, 244 (10th Cir.1989). Our review of the information available to the sentencing judge discloses that the judge's finding was amply supported by the record.

There are several factors that distinguish a leadership and organizational role from one of mere management or supervision. These factors include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *Commentary to Sentencing Guidelines* § 3B1.1. The information presented at sentencing in this case showed that the drug conspiracy began with appellant and Russell Allen and that it grew to include numerous other individuals. Russell Allen testified at the sentencing hearing [8] that the conspiracy began when appellant approached him and asked him to help in the manufacture of amphetamine. Allen also stated that appellant asked him to find other individuals to help purchase chemicals and that appellant directed him to rent storage space for the laboratory equipment used in the manufacturing process. Several "cooks" took place at appellant's house and were concededly under his supervision. Appellant gave several individuals instruc-

tions to purchase chemicals. Regina Chester, Clint Bowen, and Virginia McNeill all testified at the trial that appellant was in charge of the amphetamine operation. Indeed, appellant admitted at the sentencing hearing that he had been in charge of the "cooks." He also admitted that he supervised other individuals and that he was entitled to a share of the finished product. Although appellant claimed that Russell Allen was the leader of the conspiracy, appellant admitted that he continued to manufacture amphetamine after Allen was arrested. Taken together, the information available to the judge showed appellant's extensive involvement in the planning and organization of the conspiracy. The judge's conclusion that appellant was an "organizer or leader" of the operation is not clearly erroneous.

The conviction and sentence are AFFIRMED.

---

tencing. Fed.R.Evid. 1101(d)(3). We have determined that "evidence," in this context, refers to any information that meets the standards of reliability found in § 6A1.3.

8. The three Beaulieu brothers were all sentenced at one hearing. Russell Allen testified at the hearing and was available to appellant for cross-examination, although defense counsel chose not to cross-examine him.