960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Patricia FRUETEL, a/k/a Joe, a/k/a The Expert, Defendant-Appellant.
 No. 91-5161.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 16, 1992
 
 H. Kowalchick, Norfolk, Virginia, for Appellant. Richard Cullen, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Patricia Fruetel pled guilty to a one-count information which charged her with conspiracy to distribute and to possess with intent to distribute more than five hundred grams of cocaine (21 U.S.C. § 846 (1988)). She appeals her sentence and we affirm.
 
 
 2
 Information contained in Fruetel's presentence report suggested that she was directly involved with or had knowledge of purchases of 11.5 kilograms of cocaine overall in Florida; the drugs were brought to the Virginia Beach, Virginia, area for distribution. The probation officer recommended a base offense level of thirty-two, which is appropriate for an offense involving five to fifteen kilograms of cocaine. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(6) (Nov. 1990). The probation officer also recommended that she receive a reduction for acceptance of responsibility, while noting that she denied involvement with three of the drug purchases, totaling four kilograms, in which the government alleged she had participated.
 
 
 3
 At the sentencing hearing, Fruetel objected through counsel to all but a three-kilogram purchase and the two kilograms she and her boyfriend were attempting to purchase at the time of her arrest. Fruetel did not testify or present any evidence, but her attorney argued that she did not know everyone in the conspiracy and should not be held accountable for all acts of co-conspirators. The government did not present any evidence; however, the government attorney stated that all the amounts in the presentence report involved Fruetel or people she received cocaine from directly.
 
 
 4
 The district court found that Fruetel was "responsible for all of the acts of the other individuals in the conspiracy at the same time the defendant was and whether she knew them or not." The district court eliminated from consideration the last two kilograms which resulted in her arrest because she was serving a fifteen-year Florida sentence arising from the same transaction. The court found that her involvement was between five and fifteen kilograms and that a base offense level of thirty-two was correct.
 
 
 5
 In this appeal, Fruetel maintains that the district court erred in its determination of the amount of cocaine and relied on contested information in the presentence report, and thus denied her the right to confront witnesses against her.
 
 
 6
 We review the district court's determination of the amount of drug involved for clear error. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). Under guideline section 1B1.3(a)(1), comment. (n.1), a defendant is held accountable, for sentencing purposes, only for coconspirators' conduct which was within the scope of the defendant's agreement or which was reasonably foreseeable. However, even if the two kilograms which resulted in Fruetel's arrest and the amounts she denied involvement with in her interview with the probation officer are deducted, 5.5 kilograms of cocaine remain"purchases made in January 1989 and in the summer of 1989. We therefore find that the district court's determination that Fruetel was accountable for more than five kilograms is not clearly erroneous.
 
 
 7
 The claim that Fruetel's right of confrontation was denied is without merit. At the sentencing hearing, the district court may consider any information, including hearsay, which it finds reliable.* United States v. Bowman, 926 F.2d 380 (4th Cir. 1991); see also United States v. Beaulieu, 893 F.2d 1177, 1180 (10th Cir.) (defendant "does not have an absolute right to confront witnesses whose information is made available to the [sentencing] court"), cert. denied, 58 U.S.L.W. 3834 (U.S. 1990). The defendant has the burden of showing that disputed information in the presentence report is inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). Fruetel presented no evidence to refute the information contained in the report.
 
 
 8
 Fruetel asked the district court to depart downward for substantial assistance although the government made no motion for a departure. The court properly refused, because a departure on this ground must be initiated by a government motion. Fed. R. Crim. P. 35(b); U.S.S.G. § 5K1.1.
 
 
 9
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Fruetel contends on appeal that the information in the presentence report was unreliable, but did not make this argument in the district court, and we do not consider it