996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Eugene WRIGHT, Defendant-Appellant.
 No. 91-6349.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before TACHA and EBEL, Circuit Judges and O'CONNOR, District Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case comes before us on direct appeal of the defendant's conviction in the United States District Court for the Western District of Oklahoma. Following a jury trial, the defendant was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendant was sentenced to 292 months imprisonment, four years of supervised release, and ordered to pay a $50.00 special assessment. He appeals his sentence. We affirm.
 
 I. Facts
 
 3
 Kenneth Eugene Wright was a drug dealer. He would purchase small amounts of cocaine base, also known as rock cocaine or crack, from a supplier and distribute it on the streets of Oklahoma City, Oklahoma. This practice began in August or September of 1990, when he moved to Oklahoma, and continued until he was arrested on February 8, 1991.
 
 
 4
 On February 8, 1991, the Oklahoma City Police Department was informed that rock cocaine was being sold out of the Drovers Inn Motel. They proceeded to that location. An informant approached the room where the drugs reportedly were being distributed and was informed by the defendant that he had just exhausted his supply. However, the defendant told the informant that he could obtain more if the informant would wait 15 minutes. The defendant left the motel in his vehicle and travelled to a house a short distance away. It was later learned that the house belonged to Darren Hogg, the defendant's principle supplier of cocaine. After the defendant left the house, the police, who had been surveilling the defendant, conducted a traffic stop and found approximately 35 grams of rock cocaine in the defendant's possession.
 
 
 5
 The defendant was arrested and charged with possession of cocaine with intent to distribute, and conspiracy to distribute cocaine and cocaine base. 21 U.S.C. §§ 841(a)(1), 846. On July 30, 1991, a jury convicted him on the possession charge, but acquitted him on the conspiracy charge.
 
 
 6
 The presentence report attributed 922.25 grams of rock cocaine to the defendant for a base offense level of 36 under the United States Sentencing Guidelines. The report recommended against a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The defendant made several objections to the presentence report, including a challenge to the drug quantities and the denial of a downward adjustment for acceptance of responsibility.
 
 
 7
 The sentencing judge conducted two separate evidentiary hearings. The first took place on September 30, 1991. This hearing focused on the quantity of cocaine that was properly attributable to the defendant. The sentencing judge decided he needed more testimony on drug quantities so he scheduled a second hearing.
 
 
 8
 At the second hearing, held on October 7, 1991, the defendant's principle supplier, Darren Hogg, testified as to the amounts of cocaine he had distributed to the defendant. The court found that the defendant "was involved, purchased, and distributed three ounces of cocaine base per week for a period of five months." The court also refused an adjustment for acceptance of responsibility.
 
 
 9
 The defendant filed this appeal alleging two errors in his sentence: (i) that he was improperly denied an adjustment for acceptance of responsibility because he refused to accept responsibility for criminal conduct that was not part of the indictment, and (ii) that the district court improperly utilized evidence for sentencing purposes that, although known to the government before trial, was not part of the indictment or proof at trial. We affirm.
 
 
 10
 II. Downward Adjustment for Acceptance of Responsibility
 
 
 11
 The United States Sentencing Guidelines provide for a two-level reduction in offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). Among the considerations applicable to this determination are: "voluntary and truthful admission to authorities of involvement in the offense and related conduct; " "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;" and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 1(c), (d), (g) (emphasis added).
 
 
 12
 We afford substantial deference to the determinations of the sentencing court concerning reductions, because of its unique position to evaluate the defendant's acceptance of responsibility. U.S.S.G. § 3E1.1, Application Note 5. As such we review the district court's determination for clear error. United States v. Trujillo, 906 F.2d 1456, 1460 (10th Cir.1990). Further, as we stated in United States v. Rogers, 899 F.2d 917, 924 (10th Cir.1990),
 
 
 13
 [t]he burden of proof for establishing entitlement to reduction of the offense level for acceptance of responsibility is on the defendant, who must establish the mitigating factor by a preponderance of the evidence.
 
 
 14
 We do not find that the sentencing court committed clear error when it denied the adjustment for acceptance of responsibility. Although at the time he was arrested the defendant did admit that he possessed cocaine, was engaged in the sale of drugs, and earlier in the week had made additional purchases from his supplier, a confession alone does not automatically entitle one to a reduction under U.S.S.G. § 3E1.1.
 
 
 15
 The defendant plead not guilty to both of the charges leveled against him: possession with intent to distribute and conspiracy to distribute cocaine. The fact that a defendant proceeds to trial does not automatically preclude application of the reduction. U.S.S.G. § 3E1.1(b). However, the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. U.S.S.G. § 3E1.1, Application Note 2.
 
 
 16
 During cross-examination of one of the officers involved with the defendant's arrest, defense counsel challenged whether the defendant was even at the motel where drugs were allegedly sold. Counsel also attempted to elicit testimony that the drugs found in the defendant's possession were consistent with personal use. In closing argument, defense counsel explicitly denied that the defendant was engaged in the sale of cocaine and postulated that the drugs found at the time of his arrest were for personal consumption.
 
 
 17
 The defendant argues that the sentencing court improperly denied the reduction on the ground that he refused to admit to criminal conduct that was either not part of the indictment or was part of the conspiracy charge on which he was acquitted. We disagree with the defendant's characterization of the sentencing court's reason for denying the reduction. Although at the first hearing, the court implied that the defendant was required to accept responsibility for a wide range of conduct to be entitled to the reduction,[1] there is no such implication in his final ruling at the second evidentiary hearing. At the second hearing, the court simply concluded:
 
 
 18
 I also don't find that the Defendant has accepted responsibility. I'm satisfied that a Defendant, to qualify for acceptance of responsibility, they must come forward and tell about their involvement and be fully forthright about their involvement in the offense conduct. And, I'm satisfied that the Defendant did not do that. He has that opportunity. And chose not to do that.
 
 
 19
 R.Vol. XII at 55. We are unable to find either that this finding is based on improper grounds or that it is clearly erroneous.
 
 
 20
 The defendant also argues that because the court denied the reduction on the ground that he refused to admit to criminal conduct that was either not part of the indictment or was part of the conspiracy charge on which he was acquitted, it violated his Fifth Amendment right against self-incrimination by penalizing him for refusing to admit to conduct that could be the basis for future criminal proceedings. It is uncertain whether this constitutional objection was raised below. Nevertheless, we disagree with the defendant's characterization of the district court's reasoning. As discussed above, the district court simply found that the defendant did not come forward and tell about his involvement in the "offense conduct."[2] We find no error in the district court decision to deny the two point reduction for acceptance of responsibility.[3]
 
 
 21
 III. Evidence Considered in Sentence Determination
 
 
 22
 The appellant also objects to the evidence considered by the sentencing court in determining the quantity of drugs to be attributed to him under the sentencing guidelines. He argues: (i) that it was improper to consider evidence upon which a jury acquitted him, (ii) that the testimony of Darren Hogg was unreliable, and (iii) that the use of evidence not brought out at trial was improper.
 
 
 23
 We review the sentencing court's factual determinations, including drug quantities, for clear error. United States v. Coleman, 947 F.2d 1424, 1427 (10th Cir.1991). The quantum of proof necessary to support a finding of fact under the sentencing guidelines is a preponderance of the evidence. United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 498 U.S. 829 (1990).
 
 
 24
 The defendant first objects that the sentencing court erred when it considered evidence during sentencing that the jury found inadequate to establish guilt on the conspiracy charge. We find that the court properly considered the evidence in sentencing. This court has held that evidence that was applicable to a charge upon which the defendant was acquitted may properly be considered by the sentencing court. Coleman, 947 F.2d at 1429. Further, the defendant's argument is not necessarily correct. Simply because a jury acquits on a conspiracy charge does not mean that it did not find the underlying factual allegations to be true. That is, because conspiracy requires specific showings--e.g. agreement among two or more parties--a jury can return a verdict that there was no conspiracy while believing that a party such as this defendant individually engaged in the underlying conduct. Furthermore, because the burden of proof for a factual finding under the sentencing guidelines (preponderance of the evidence) is lower than that required for conviction at trial (beyond a reasonable doubt), there need not be an inconsistency between the findings of the sentencing court and the jury.
 
 
 25
 The defendant next objects that the testimony of the prosecution's principle witness, Darren Hogg, was unreliable and lacked the "minimum indicia of reliability" as required by United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied 111 S.Ct. 2066 (1991). We are bound to accept the resolution of conflicting evidence and the assessment of the credibility of witnesses as they are found by the trier of fact. United States v. Youngpeter, 1992 U.S.App. Lexis 2293 (10th Cir.1993); United States v. Espinosa, 771 F.2d 1382, 1391 (10th Cir.1985). This court has held that testimony regarding drug quantities can be reliable even where based on estimates. Coleman, 947 F.2d at 1428; Easterling, 921 F.2d at 1077-78.
 
 
 26
 In the instant case, the sentencing judge was careful to ensure the accuracy of the quantity of drugs attributable to the defendant. When a review of the trial transcript revealed inconsistencies, the court scheduled another hearing and heard testimony from the defendant's principle supplier, Darren Hogg, to clarify the amounts of cocaine that he sold to the defendant. The sentencing judge had the opportunity to assess the credibility and demeanor of the witness. The weight of the testimony supported a finding that Darren Hogg sold 5 ounces of cocaine to the defendant each week for a period of several months. However, the court chose only to attribute 3 ounces per week, Hogg's estimate of the smallest amount he may have sold to the defendant in any given week. This figure is consistent with other testimony adduced at trial. We are unable to conclude that Darren Hogg's testimony that was elicited at sentencing lacked a sufficient indicia of reliability to support the court's finding of the quantity of drugs attributable to the defendant. Accordingly, we find no error.
 
 
 27
 Finally, the defendant objects to the use at sentencing of evidence that was not brought out at trial. He contends that the district court should not have relied on the testimony of Darren Hogg that was brought out at the second evidentiary hearing because it was not offered at trial.[4]
 
 
 28
 According to the Guidelines, to determine the appropriate guideline range we must consider "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).[5] In determining facts relevant to the sentencing proceeding, the court is not limited to evidence that would be admissible at trial. 18 U.S.C. § 3661; United States v. Beaulieu, 893 F.2d 1177, 1180-81 (10th Cir.1990).
 
 
 29
 We find that the sentencing court properly considered the testimony of Darren Hogg in determining the defendant's base offense level.
 
 IV. Conclusion
 
 30
 For the aforesaid reasons, the defendant's sentence is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Earl E. O'Connor, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At the first hearing on September 30, 1991, the court found, based on the testimony of DEA Special Agent Walters, that in addition to the cocaine found in the defendant's possession when he was arrested, 141.5 grams of cocaine that had previously been distributed by Darren Hogg were attributable to the defendant. The court went on to suggest that it intended to deny the adjustment for acceptance of responsibility. It reasoned that "the Defendant did admit his guilt to that which he was found with, which doesn't say a whole lot for him. He hasn't cooperated or admitted responsibility for any other involvement." R.Vol. XI at 108. Defendant certainly never admitted to the quantity of drugs that Darren Hogg directly attributed to him
 
 
 [2]
 In fact, the court's use of the phrase "offense conduct" may refer only to possession with intent to distribute--the offense for which the defendant was convicted. And, in any event, defendant never acknowledged the quantities that Darren Hogg directly attributed to him
 
 
 [3]
 The court has consistently held that the denial of a reduction under U.S.S.G. § 3E1.1 is not considered either a penalty or enhancement of sentence. Trujillo, 906 F.2d at 1461 ( citing Rogers, 899 F.2d at 924)
 
 
 [4]
 He would have us read Coleman to require the exclusion of non-trial evidence. In Coleman we stated "we find persuasive the decisions that have allowed a sentencing court to consider trial evidence that was applicable to a charge upon which the defendant was acquitted." 947 F.2d at 1429. We do not read Coleman as limiting the discretion of the sentencing court to consider non-trial evidence. We were not presented in Coleman with the admissibility of evidence that was proffered for the first time at sentencing
 In any event, the testimony of Darren Hogg had been elicited at trial and the sentencing court merely called him to clarify some discrepancies in the quantities of drugs that he testified he had sold to the defendant.
 
 
 [5]
 As the commentary states "the total quantity of cocaine involved is to be used to determine the offense level even if the defendant is convicted of a single count charging only one of the sales." Commentary, U.S.S.G. § 1B1.3, n. 2