F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

vs.

JOEY MICHAEL PEWENOFKIT,

     Defendant-Appellant.

No. 98-6105
(D.C. No. CR-97-187-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

Appellant Joey Michael Pewenofkit pled guilty to one count of sexual abuse

of a minor between the ages of 12 and 16 committed within Indian country in

violation of 18 U.S.C. §§ 1153 and 2243(a). At sentencing, and after finding that

Mr. Pewenofkit used force during his assault of the minor victim, the district

court applied a cross-reference under the sentencing guidelines for statutory rape,

USSG § 2A3.2(c), which directs the application of USSG § 2A3.1 if the offense

involved criminal sexual abuse. In making this determination, the court heard

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

testimony from an FBI special agent who described the victim's account of the assault, a counselor, a pediatrician, and the victim's mother. The victim did not testify. The court sentenced Mr. Pewenofkit to a 99 month prison term.

Mr. Pewenofkit appeals his sentence, alleging that: (1) he was denied his Sixth Amendment right to confront his accuser when the victim's unsworn statement was used to justify a cross-reference to a more punitive guideline; and (2) the district court erred in finding that the defendant used "force" in the commission of the crime. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

## I. Right to Confront at Sentencing

Mr. Pewenofkit first argues that he was denied his Sixth Amendment right to confront and cross-examine his accuser when the statement of the non-testifying victim was used to cross-reference to a more punitive guideline. We review de novo the district court's legal conclusions regarding the application and interpretation of the sentencing guidelines, while the district court's factual determinations are reviewed for clear error. United States v. Henry, 164 F.3d 1304, 1310 (10th Cir. 1999).

Initially, we note that this court has held that the Confrontation Clause does not apply at sentencing under the Sentencing Guidelines. See United States v.

Beaulieu, 893 F.2d 1177, 1180 (10th Cir. 1990). In fact, the Guidelines allow a sentencing court to consider all relevant information "without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a); see 18 U.S.C. § 3661; Beaulieu, 893 F.2d at 1180 ("[T]he Guidelines were not intended to place new restrictions on the sources of information available to the sentencing judge."). Mr. Pewenofkit argues that because sexual abuse victims' statements are inherently unreliable, he is entitled to confront and cross-examine the victim. However, he has presented no specific evidence or grounds to demonstrate that the victim's statement in this case was unreliable. The fact that his crime involved sexual abuse is not alone enough to declare the victim's statement unreliable given the standard of considering all relevant evidence at sentencing. We cannot say that the statement lacks the necessary "indicia of reliability to support its probable accuracy," USSG. § 6A1.3(a). Thus, the district court did not commit clear error in considering the testimony.

Mr. Pewenofkit contends that his case falls under a "due process" exception to the rule that there is no right to confront or cross-examine witnesses at sentencing. He maintains that this exception applies because the cross-reference used at sentencing led to an exceedingly disproportionate punishment to what he

otherwise would have received. He argues that the "'forcible rape' conduct essentially became an element of the offense for which he was being punished." Aplt. Br. at 12-13. To support this argument, Mr. Pewenofkit relies on Specht v. Patterson, 386 U.S. 605 (1967), and United States v. Wise, 976 F.2d 393 (8th Cir. 1992) (en banc).

The Supreme Court in Specht held that a defendant is entitled to full due process, including the right to confront witnesses, when a sentencing proceeding results in an additional criminal conviction. See Specht, 386 U.S. at 610. Mr. Pewenofkit's argument fails, however, because his sentencing did not actually or in effect result in an additional criminal conviction. In Specht, the defendant was subjected to a sentence of up to life imprisonment after being convicted of an offense with a statutory maximum sentence of ten years. See id. at 607. Here, the sentence of 99 months given to Mr. Pewenofkit, even with the cross-reference, did not exceed the fifteen year statutory maximum for the crime to which he pled guilty. See 18 U.S.C. §2243. In addition, Mr. Pewenofkit was given notice of the enhancement before he pled guilty and before sentencing.

In Wise, the Eighth Circuit, although upholding the sentence imposed, noted that "in certain instances a sentence may so overwhelm or be so disproportionate to the punishment that would otherwise be imposed absent the sentencing factors mandated by the Guidelines that due process concerns must be

addressed." <u>Wise</u>, 976 F.2d at 401. Mr. Pewenofkit contends that his sentence of 99 months is exceedingly disproportionate and, therefore, as suggested by the <u>Wise</u> court, full due process attaches. We acknowledge that the cross-reference led to a significant increase in sentencing. However, the circumstances and claims in this case do not warrant a departure from our traditional sentencing law. First, Mr. Pewenofkit was given notice of the cross-reference at the plea hearing, in the Pre-Sentence Report, and at the sentencing hearing. Second, the government called additional witnesses to corroborate the victim's statement and emotional state. Furthermore, Mr. Pewenofkit had a fair opportunity to otherwise challenge the evidence presented. Given the preponderance of the evidence standard applicable to sentencing determinations, Mr. Peweonfkit had a fair opportunity to put the government to its burden. Therefore, he was afforded all process due.

We do not find Mr. Pewenofkit's reliance on <u>Specht</u> or <u>Wise</u> persuasive, and decline to follow his proposed reasoning. The district court did not deny Mr. Pewenofkit due process in considering the FBI agent's testimony regarding the victim's unsworn account of the crime.

## II. Sufficiency of the Evidence to Support a Finding of Use of "Force"

Mr. Pewenofkit's second argument is that the information before the

district court at sentencing did not support the court's finding that Mr. Pewenofkit used "force" to commit the rape. We uphold the district court's factual findings unless they are clearly erroneous, viewing the evidence and drawing inferences therefrom in the light most favorable to the court's determination. See United States v. Cruz, 58 F.3d 550, 553 (10th Cir. 1995); Beaulieu, 893 F.2d at 1181-82.

The Guideline for sexual abuse of a minor, USSG § 2A3.2, provides a base offense level of fifteen and contains the following cross reference: "If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 . . . ." USSG § 2A3.2(c). The guideline for criminal sexual abuse, § 2A3.1, provides for a base offense level of twenty-seven. See id. § 2A3.1(a). Criminal sexual abuse requires a showing of actual force. See United States v. Lucas, 157 F.3d 998, 1002 (5th Cir. 1998).

> A defendant uses force . . . when he employs restraint sufficient to prevent the victim from escaping the sexual conduct. Furthermore, force can be implied from a disparity in size and coercive power between the defendant and his victim, as for example when the defendant is an adult male and the victim is a child.

Id. (citations omitted); see also United States v. Allery, 139 F.3d 609, 611 (8th Cir.), cert. denied, 118 S. Ct. 2389 (1998); United States v. Weekley, 130 F.3d 747, 754 (6th Cir. 1997).

At the sentencing hearing, the district court heard evidence from four

witnesses: an FBI special agent who described the victim's account of the assault, a counselor affiliated with a local sexual assault program, a pediatrician certified as an expert in child sexual abuse and examination, and the victim's mother. The testimony revealed that Mr. Pewenofkit grabbed the victim by both shoulders when she tried to get away, and forced her to lay on the bed. See IV R. at 65. Mr. Pewenofkit held the victim down against her will and the victim was unable to get him off of her. See id. The assault was painful for the victim, ripping her hymenal tissue and causing bleeding. See id. at 43, 66. In addition, Mr. Pewenofkit was twenty years old at the time of the assault while the victim was fifteen.

A district court may rely on any information at sentencing so long as it has "sufficient indicia of reliability to warrant its use at sentencing." Beaulieu, 893 F.2d at 1181; see 18 U.S.C. § 3661; USSG § 6A1.3(a). The government need only prove the use of force by a preponderance of the evidence. After carefully reviewing the record, we cannot say that the district court was clearly erroneous in finding that Mr. Pewenofkit used force in the commission of the crime.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge