**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEXIE LEE SMITH,

    Defendant-Appellant.

No. 97-3266
(D.C. No. 95-40083-03)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **McKAY** and **EBEL**, Circuit Judges.

Defendant-Appellant Lexie Lee Smith pled guilty to federal drug offenses and was sentenced to 188 months' imprisonment. He now appeals his sentence, arguing that the district court erred in determining his relevant conduct for purposes of establishing his base offense level. We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Smith was part of a crack cocaine trafficking operation in eastern Kansas. He was named in an 82-count indictment along with James Wardel Quary, Lester Smith, Lori Smith, and Eddie Merritt. Bernard Preston, Elinor Preston, and Demond Bridges, also codefendants, were named in an earlier indictment. Smith's case is part of a trio of related appeals concerning this distribution ring. The background facts relating to the drug conspiracy are set forth in companion cases, United States v. Watkins, No. 97-3216, and United States v. Quary, No. 97-3213, and will not be repeated here.

The facts pertinent to this case are as follows. Smith and codefendant James Wardel Quary appeared for trial on February 4, 1997. During jury selection, Smith reached a plea agreement with the government whereby Smith agreed to plead guilty to counts 2, 3, 4, and 71 of the third superseding indictment. Counts 2, 4, and 71 charged Smith with possession with intent to distribute, respectively, 0.3 grams, 0.7 grams, and 8.2 grams of cocaine base, all in violation of 21 U.S.C. § 841(a)(1); count 3 charged Smith with controlling a building for the purpose of storing 0.3 grams of cocaine base, in violation of 21 U.S.C. § 856.

Smith's presentence investigation report ("PSR") stated that Smith had participated in a large drug trafficking operation headed by Smith's codefendant,

- 2 -

James Quary, and involving approximately 25 coconspirators and as many as 75 sellers. The PSR concluded that over the duration of the conspiracy, the operation distributed 9.93 kilograms of cocaine base. The PSR imputed this entire quantity to Smith pursuant to U.S.S.G. §§ 1B1.3(a), which set Smith's base offense level at 38.

Smith objected to the PSR, contending that his base offense level should not have been established based on the drug quantities distributed by the entire operation, but rather, should have reflected only the approximately 10 grams of cocaine base involved in the transactions in which Smith directly participated. The district court overruled Smith's objection, but did grant a three-level reduction in the base offense level for acceptance of responsibility, and reduced Smith's criminal history category from III to II. The court then sentenced Smith at the bottom of the applicable guideline range, or 188 months on each count, and ordered all sentences to run concurrently. Smith now appeals, again challenging the drug quantity amount used to establish his base offense level.

### DISCUSSION

Smith contends that the district court erred in adopting the PSR's conclusion that all drug quantities possessed and/or sold during the Quary conspiracy were "reasonably foreseeable" to Smith under U.S.S.G. § 1B1.3(a). Smith asserts that there was insufficient evidence presented to the district court

that these quantities existed, in that the drug quantities were based on unreliable hearsay evidence, and in that the admission of this hearsay evidence violated his confrontation rights. He argues in the alternative that the sale or possession of these quantities were not reasonably foreseeable to him.

"We review the district court's drug quantity calculation for clear error, and will not disturb it absent no support in the record, or where upon review of the evidence we are firmly convinced that the district court made an error." United States v. Cruz Camacho, 137 F.3d 1220, 1225 (10th Cir. 1998). We find no such error in Smith's case.

When calculating a defendant's base offense level in a drug distribution case, the district court is not limited to the amount of contraband with which the defendant was personally involved. See Cruz Camacho, 137 F.3d at 1225. Rather, "the court may sentence the defendant based on the total amount of drugs which he reasonably foresaw or which fell within the scope of his particular agreement with the conspirators." Id. (internal quotations omitted); see also U.S.S.G. § 1B1.3, comment 2 ("[I]n the case of a jointly undertaken criminal activity, [the defendant is accountable for] all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook."). Thus, in determining a defendant's base offense level, "a sentencing court may look beyond the charges alleged in the indictment," see

United States v. Underwood, 982 F.2d 426, 429 (10th Cir. 1992), and may consider conduct on dismissed counts that are part of the same course of conduct or common scheme or plan. See United States v. Roederer, 11 F.3d 973, 979 (10th Cir. 1993); see also United States v. Watts, 519 U.S. 148, 154 (1997) ("[A] sentencing court may consider conduct of which a defendant has been acquitted.").

"The government must prove the quantities of drugs for sentencing purposes by a preponderance of the evidence, and the evidence relied upon must possess a minimum indicia of reliability." Cruz Camacho, 137 F.3d at 1225. For purposes of establishing the quantity of crack cocaine attributable to Smith, the government introduced at sentencing the trial transcripts of the testimony of Bernard Preston (who testified at both Betty Watkins' and James Quary's trials pursuant to a plea agreement), and Demond Bridges and Elinor Preston (who both testified at Quary's trial pursuant to plea agreements). Smith submits that such evidence was unreliable hearsay and that its admission denied him his Sixth Amendment right to confront and cross examine the witnesses against him. Both contentions fail.

First, it is clear that a sentencing court may consider hearsay evidence, so long as it bears a minimum indicia of reliability. See United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir. 1990) ("[R]eliable hearsay -- including testimony

from a separate trial -- may be used at sentencing to determine the appropriate punishment."). Second, it is equally clear that a defendant's Sixth Amendment right to confront witnesses does not extend to sentencing proceedings. See United States v. Powell, 973 F.2d 885, 893 (10th Cir. 1992); Beaulieu, 893 F.2d at 1180.

The writer of Smith's presentence report had access to the government's entire investigative file in this multi-defendant conspiracy, including the trial transcript testimony in United States v. Quary. The sentencing judge in Smith's case handled the Quary trial. He was familiar with the facts of that case, and heard firsthand the testimony of Bernard Preston, Elinor Preston, and Demond Bridges at that trial, all of whom were coconspirators of Smith. The district court in this case specifically found that all of the information on which the court relied met or exceeded required standards of reliability, (see R. vol. III at 18 (Sent. Tr.)), and we find nothing in the record to suggest otherwise. Accordingly, we find no error in the district court's drug quantity calculation or base offense level determination.

AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge
