**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANGEL H. SERRANO,

    Defendant-Appellant.

No. 02-3442
(District of Kansas)
(D.C. No. 02-CR-20011-01-JWL)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.   INTRODUCTION

Appellant-Defendant Angel Serrano pleaded guilty to possession with intent to distribute more than five kilograms of cocaine.  In calculating Serrano's base offense level for purposes of arriving at a sentence under the United States Sentencing Guidelines, the district court attributed to Serrano approximately sixteen kilograms of cocaine from two prior distributions, in addition to 7.911 kilograms for the crime of conviction.

Serrano appeals his sentence, asserting that the district court erred in calculating his offense level by including the sixteen kilograms from two uncharged drug distributions in the determination of drug quantity.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.  The district court did not err in crediting Serrano's prior admissions that he distributed approximately sixteen kilograms of cocaine on two prior occasions.  Furthermore, the district court did not err in relying on corroborating hearsay statements from Serrano's co-defendant because the statements bore sufficient indicia of reliability.

## II.   BACKGROUND

Upon receiving information from a confidential informant that Serrano intended to sell approximately eight-to-ten kilograms of cocaine to John Doran, police set up surveillance of Serrano's residence.  Immigration and Naturalization

Service Special Agent Tim Ditter observed Serrano exiting his residence and placing a duffle bag into his vehicle. Serrano was subsequently stopped by a Kansas City, Kansas police officer for an improper lane change. During the stop, Serrano admitted to possessing eight kilograms of cocaine.

Following his arrest, Agent Ditter interviewed Serrano. During the interview, Serrano admitted that he was on his way to sell the cocaine to Doran when he was stopped. He also admitted to selling approximately eight kilograms of cocaine to Doran on at least two other occasions.

Serrano was indicted on one count of possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). In the same indictment, Doran was charged with attempting to possess with intent to distribute more than five kilograms of cocaine.

Prior to trial, Serrano filed a motion to suppress evidence obtained as a result of the traffic stop. The district court denied the motion and found Serrano's version of the stop to be unbelievable. Serrano later entered a plea of guilty to the possession with intent to distribute count.

At Serrano's sentencing, Agent Ditter testified that during Serrano's post-arrest interview, Serrano admitted to selling approximately eight kilograms of cocaine to Doran on at least two prior occasions. In addition, Agent Ditter testified that he also interviewed Doran, who confirmed that Serrano sold him

approximately eight kilograms of cocaine at least two other times. In contrast to his prior statements to Agent Ditter, Serrano testified that he only sold four kilograms of cocaine to Doran on one other occasion.

The district court sentenced Serrano to 135 months' imprisonment. In doing so, the court concluded that Serrano was responsible for approximately sixteen kilograms of cocaine from the two prior sales to Doran. Specifically, the district court found that Serrano admitted to Agent Ditter that he participated in two prior drug transactions involving approximately eight kilograms each. The court also concluded that Doran's corroboration was sufficiently reliable and determined that Serrano's contrary testimony was not credible.

## III. DISCUSSION

Serrano argues that the district court erred in calculating his drug quantity because his earlier admission to selling approximately sixteen kilograms of cocaine to Doran on two prior occasions and Doran's corroboration were not sufficiently reliable to support the calculation.[1] This court reviews the district court's findings as to drug quantity for clear error and its interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Asch*, 207 F.3d 1238, 1242 (10th Cir. 2000). Credibility determinations are within the sound

---

[1]We admonish both defense and government counsel for violating 10th Cir. R. 28.2(A)(2) and 28.2(B) by failing to attach to their briefs a copy of the district court's sentencing decision from which this appeal was taken.

discretion of the district court and are given considerable deference by this court. *United States v. Gobey*, 12 F.3d 964, 967 (10th Cir. 1993).

In making its sentencing determination, the district court may estimate drug quantities attributable to the defendant if the information relied upon bears "sufficient indicia of reliability." *United States v. Wacker*, 72 F.3d 1453, 1478 (10th Cir. 1996) (quotations omitted). As long as the evidence is sufficiently reliable, hearsay evidence can be considered in the court's determination. *United States v. Beaulieu*, 893 F.2d 1177, 1179 (10th Cir. 1990); U.S.S.G. § 6A1.3(a). In addition, the district court can base its drug quantity estimate on the defendant's own admissions. *Wacker*, 72 F.3d at 1478.

In this case, the district court's drug quantity determination was not clearly erroneous. The district court was entitled to credit Serrano's earlier admission that he sold approximately eight kilograms of cocaine to Doran at least twice before. *See Gobey*, 12 F.3d at 967; *see also Asch*, 207 F.3d at 1242-43 (deferring to district court's determination that defendant's admission at time of arrest was more credible than her testimony at sentencing).

Furthermore, the district court did not err in relying on Doran's corroboration of the two prior sales because the statement was sufficiently reliable. *Wacker*, 72 F.3d at 1478; U.S.S.G. § 6A1.3(a). In a separate interview with Agent Ditter, Doran confirmed that Serrano sold to him about sixteen

kilograms of cocaine on two different occasions. Doran's estimation of the amount sold by Serrano matched the original admission of Serrano. Moreover, Serrano never denied selling cocaine to Doran, but later changed his story only as to the amount he sold. In total, this was sufficiently reliable evidence to support the district court's drug quantity determination.

## IV. CONCLUSION

Based upon the foregoing reasons, Serrano's sentence is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge