FILED
United States Court of Appeals
Tenth Circuit

October 12, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE D. MARTINEZ-MARTINEZ,

Defendant-Appellant.

No. 07-4000
(D.C. No. 2:05-CR-00692-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

Defendant Jose D. Martinez-Martinez pled guilty to distribution of at least 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). This conviction subjected the Defendant to a statutory mandatory minimum sentence of 120 months. 18 U.S.C. § 841(b)(1)(A)(viii). In the plea agreement however, the Government agreed to recommend the application of the U.S.S.G. § 5C1.2 safety

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

valve provision if the Defendant "truthfully provided . . . all information and evidence the defendant has concerning the offense." U.S.S.G. § 5C1.2(a)(5). The safety valve provision would have allowed the district court to impose a sentence below the statutory mandatory minimum.

After the Defendant refused to debrief the Government, the district court accepted the Defendant's post-*Miranda* statements to the arresting officers in satisfaction of § 5C1.2(a)(5). During the sentencing hearing however, the Defendant addressed the court and disavowed his post-arrest statements. After the district court verified that the Defendant understood that his denial would make him ineligible for the safety valve exception, the court imposed the statutory minimum sentence of 120 months.

On appeal, counsel for the Defendant filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which presented the Defendant's challenge to the district court's refusal to impose a sentence pursuant to § 5C1.2. In addition, Counsel moved for leave to withdraw as Defendant's counsel. Neither the Defendant nor the Government filed a brief responding to Counsel's Anders brief. We have independently reviewed the record as required by Anders, 386 U.S. at 744. Based on that review, we find that the district court did not err by denying Defendant the § 5C1.2 safety valve exception and that the record presents no additional non-frivolous issues.

We review the district court's decision regarding the Defendant's eligibility for § 5C1.2 for clear error.  See United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997).  Thus, we will reverse the district court only if its decision was "without factual support in the record," or if after our review of the record, "we are left with the definite and firm conviction that a mistake has been made." United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir. 1990).  The Defendant bears the burden of showing—by a preponderance of the evidence—the applicability of § 5C1.2.  United States v. Verners, 103 F.3d 108, 110 (10th Cir. 1996).

If the Defendant satisfies five criteria, § 5C1.2 allows district courts to impose a sentence pursuant to the sentencing guidelines, rather than a longer statutory mandatory minimum sentence.[1]  U.S.S.G. § 5C1.2.  In this case, only the fifth criterion is in dispute.  The record indicates that the Defendant refused to

---

[1]The criteria require:
(1) the defendant does not have more than 1 criminal history point . . . ;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;
(3) the offense did not result in death or serious bodily injury . . . ;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . . ; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concern the offense . . . .
U.S.S.G. § 5C1.2

debrief the Government and disavowed his statements to the arresting officers. Thus, we find that the factual record supports the district court's decision to deny the Defendant the safety valve exception and that therefore, it was not clear error for the court to refuse to apply § 5C1.2.  See Beaulieu, 893 F.2d at 1182.  The Defendant's sentence is AFFIRMED and we GRANT Counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge