**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4737**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEBORAH LEE TIPTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:12-cr-00025-MR-DLH-1)

Submitted: July 22, 2014                Decided: August 5, 2014

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Frank B. Jackson, F.B. JACKSON & ASSOCIATES LAW FIRM, PLLC, Hendersonville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Lee Tipton pled guilty to transporting a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1), (b) (2012), and possessing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), (b) (2012). She was sentenced to a total of 216 months' imprisonment. On appeal, Tipton argues that her sentence is unreasonable and that the Government committed prosecutorial misconduct and breached the plea agreement. Relying on the waiver of appellate rights in Tipton's plea agreement, the Government urges the dismissal of Tipton's challenge to her sentence. We affirm in part and dismiss in part.

Tipton first argues that the Government breached the plea agreement when it relied on conduct underlying a dismissed charge of production of child pornography in its argument at sentencing. In making its sentencing determinations, a court is not limited to the facts constituting the offenses of conviction but can consider any reliable evidence so long as "'the defendant [is] given adequate notice of and an opportunity to rebut or explain [it].'" United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991) (quoting United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir. 1990)). Although the plea agreement required the Government to dismiss the charge of production of

2

child pornography, it did not prohibit the Government from using Tipton's acts of producing child pornography as part of its argument at sentencing. See Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Fentress, 292 F.2d 461, 464 (4th Cir. 1986). Therefore, the Government did not breach the plea agreement. See United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000) (stating burden of proof).

Tipton also argues that the Government committed prosecutorial misconduct by introducing certain evidence at sentencing and by making certain allegedly inaccurate factual statements in its argument. "To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Because Tipton did not raise her claims of prosecutorial misconduct in the district court, we review those claims for plain error only. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard of review). Our review of the record reveals no prejudicial misconduct. Tipton is therefore entitled to no relief on her prosecutorial misconduct claims.

Finally, Tipton argues that her sentence is unreasonable. This claim is barred by the waiver of appellate rights in her plea agreement. A defendant may waive the right to appeal if that waiver is knowing and intelligent and the issues raised on appeal fall within its scope. United States v. Davis, 689 F.3d 349, 354-55 (4th Cir. 2012). Generally, if the district court fully questions a defendant regarding the waiver of her right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013).

After our de novo review of the record, see United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (stating standard of review), we conclude that Tipton knowingly and voluntarily waived the right to appeal her sentence on any basis except ineffective assistance of counsel or prosecutorial misconduct, and that the magistrate judge fully questioned her regarding the appeal waiver at the Rule 11 hearing. Therefore, the waiver is valid, and Tipton is barred from challenging the reasonableness of her sentence.

Accordingly, we affirm the district court's judgment with respect to the claims that the Government breached the plea agreement and engaged in prosecutorial misconduct, and we dismiss Tipton's appeal of her sentence. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART