F I L E D
United States Court of Appeals
Tenth Circuit

JAN 7 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH JONES,

Defendant-Appellant.

Case No. 97-6149
(D.C. 96-CR-199)
(Western District of Oklahoma)

ORDER AND JUDGMENT*

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Kenneth Jones pled guilty to the crime of possession with intent to distribute one ounce of cocaine base. A Presentence Report ("PSR") was filed

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

which held Mr. Jones accountable for an additional 19.24 ounces of cocaine base seized from his co-defendant, which increased his base offense level. The PSR further recommended an increase of two additional levels for Mr. Jones's leadership role in the offense. Mr. Jones filed objections to the PSR. After an evidentiary hearing, the district court overruled the objections and sentenced Mr. Jones in conformity with the recommendations in the PSR. Mr. Jones appeals his sentence, and we affirm.

We review the district court's factual findings for clear error. United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997); see also 18 U.S.C. § 3742(e) (when reviewing a sentence, the court of appeals shall accept the district court's findings of fact unless they are clearly erroneous). Findings are clearly erroneous when they are "without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir. 1990). "We review the district court's interpretation and application of the sentencing guidelines de novo." Pappert, 112 F.3d at 1078.

## I. STATEMENT OF FACTS

The Drug Enforcement Agency ("DEA") alerted the Tulsa Police Department to the possibility that a drug courier would arrive in Tulsa on an

American Airlines flight from Dallas on June 7, 1996. Aplt's App. at B-5 to -6 (Tr. of Sentencing Hr'g dated April 16, 1997) [hereinafter referred to as "Transcript"]. When the flight arrived, Tulsa Police Officer Harold Wells located the courier's suitcase and conducted a canine search. Id. at B-10. Two dogs alerted on the suitcase. Id. Officer Wells then placed the suitcase back on the conveyor belt to send it to the baggage claim area. Id. at B-11.

At the baggage carousel, a woman named Nikia Hilliard claimed the suitcase in question. Id. at B-14. Officer Wells testified that Officer Gray saw Ms. Hilliard converse with Mr. Jones prior to claiming the bag. Id. at B-12 to -13. Officer Gray overheard Mr. Jones tell Ms. Hilliard to go over to the carousel and claim the suitcase when he saw the carousel start to move. Id. at B-13 to -14. As she was waiting for the bag to come around, Ms. Hilliard continued to look at Mr. Jones, who was standing at a pay phone nearby. Id. at B-14 to -15. When she claimed the suitcase, Officer Wells approached her, showed her his badge, and told her that he was a police officer. Id. at B-15. After receiving Ms. Hilliard's consent to search the bag, officers found crack cocaine hidden inside a toy. Id. Officer Wells field-tested the substance and it tested positive for crack cocaine. Id. at B-16.

When Officer Wells showed Ms. Hilliard his badge, Mr. Jones left the baggage claim area, went down an escalator, exited the airport, and began running

across the parking lot. Id. Officer Gray apprehended Mr. Jones and asked him if he knew Ms. Hilliard. Id. He stated that he did not know her. Id. at B-17.

Officer Wells, in the meantime, had escorted Ms. Hilliard to an airport security office. She stated that Mr. Jones had given her the bag in Los Angeles and instructed her to take it to Tulsa, at which time she was to surrender it to him and be paid one thousand dollars. Id. When asked what Mr. Jones was wearing, she stated that he was wearing khaki pants and a white shirt, which is what he was wearing when Officer Gray apprehended him at the airport. Id.

When Officer Gray brought Mr. Jones to the security office, Ms. Hilliard identified him as the man who had instructed her to bring the crack cocaine to him in Tulsa. Id. at B-17 to -18. Mr. Jones continued to deny knowing her, telling the officers that Ms. Hilliard was a friend of his cousin's. Id. at B-18. Eventually, however, when officers gave Mr. Jones and Ms. Hilliard an opportunity to converse with one another, Mr. Jones began speaking to Ms. Hilliard in an affectionate tone, telling her that he loved her, that things would be alright, and that he would take care of her. Id. at B-20. Both Mr. Jones and Ms. Hilliard were arrested and charged with possession with intent to distribute crack cocaine. Id. at B-21. Ms. Hilliard pleaded guilty to these charges in state court. Id. at B-22.

4

Mr. Jones failed to appear for his hearing on those charges in state court. Id. Mr. Jones, however, had been under investigation since February 1996. Id. at B-40. In July 1996, a controlled buy of one ounce of crack cocaine was arranged between Mr. Jones and a cooperating witness. Id. That is the crime for which Mr. Jones was charged in a one-count information, and to which he pled guilty in the instant case.

A sentencing hearing was held on April 16, 1997. The district court sentenced Mr. Jones to a term of imprisonment of 235 months and a five-year term of supervised release. Id. at B-67. Mr. Jones raises several points of error arising out of his sentencing hearing. We turn now to a discussion of these points.

## II. DISCUSSION

### A. Enhancement for the Additional 19.24 Ounces

#### 1. Weight and Nature of the Seized Contraband

Mr. Jones argues that there was a lack of reliable evidence as to the weight and nature of the substance found within the suitcase. As to the nature of the substance, Officer Wells testified that he field-tested it immediately after it was seized and that it tested positive for crack cocaine. "The government need not introduce scientific evidence to prove the identity of a substance." United States

v. Sanchez DeFundora, 893 F.2d 1173, 1175 (10th Cir. 1990). For sentencing purposes, the positive field test was sufficient evidence for the district court to conclude that the substance was, in fact, cocaine base.

As to the weight, the government need only prove the weight of a controlled substance by a preponderance of the evidence. See United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994). In order to establish the weight of the crack cocaine, the government introduced Exhibit 4, an inventory report prepared by the Tulsa Police Department. See Aplt's App. at B-71. The report contains a list of everything seized from the bag Ms. Hilliard claimed at the airport. The report lists the weight in grams of each crack rock found in the bag. Mr. Jones argues that this report lacks sufficient indicia of reliability because it does not contain a signature. However, sentencing proceedings are not governed by the Federal Rules of Evidence. Beaulieu, 893 F.2d at 1179. The district court found that, on its face, the inventory report was sufficiently reliable and noted that the rule pertaining to authentication of documents was not applicable to the sentencing proceeding. Transcript at B-54. We conclude that the trial court did not err in finding that the suitcase contained 19.24 ounces[1] of crack cocaine.

---

[1]The inventory report listed the weight in terms of grams. The PSR converted the 545.47 grams into 19.24 ounces. See Aplt's App. at A-4.

**2. Attribution of the Seized Contraband to Mr. Jones**

Mr. Jones argues that the district court erred when it attributed to him the crack seized in Ms. Hilliard's suitcase for sentencing purposes. We disagree. There is ample factual support in the record on which to base a finding that Mr. Jones was involved with Ms. Hilliard's trafficking activity. Ms. Hilliard stated that Mr. Jones gave her the suitcase and instructed her to take it to Tulsa. Furthermore, there is evidence tending to corroborate Ms. Hilliard's statement. Mr. Jones was present at the baggage claim area during the interdiction. He conversed with Ms. Hilliard at the airport, and he directed her to claim the suitcase when the carousel started to move. As Ms. Hilliard was waiting to claim the suitcase, she continued to look back at Mr. Jones. When Officer Wells approached Ms. Hilliard, Mr. Jones fled. After he was apprehended, Mr. Jones first denied knowing Ms. Hilliard; however, in the airport security office, he spoke with Ms. Hilliard in a manner that suggested they were more than mere acquaintances. In sum, we conclude that the district court committed no error when it attributed the crack cocaine in Ms. Hilliard's suitcase to Mr. Jones for sentencing purposes.

**B.  Enhancement for the Role of Organizer**

Pursuant to U.S.S.G. § 3B1.1(c), the district court added two levels to Mr. Jones's base offense level for his leadership role in the offense.  According to § 3B1.1(c), the sentencing court may increase the base offense level by two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that did not involve five or more people or was not otherwise extensive.  U.S.S.G. Manual § 3B1.1(c) (1997).  "We have held that section 3B1.1(c) is satisfied upon a mere showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme."  United States v. Baez-Acuna, 54 F.3d 634, 639 (10th Cir. 1995) (internal quotation marks omitted).

As already discussed, Ms. Hilliard stated that Mr. Jones directed her to travel with the suitcase from California to Oklahoma and to deliver it to him there.  Mr. Jones argues the district court erred when it relied on this uncorroborated hearsay statement of Ms. Hilliard to conclude that Mr. Jones played a leadership role in the offense.  For the reasons stated above, we find that Ms. Hilliard's statement was, indeed, corroborated, and therefore it contained sufficient indicia of reliability.  See Beaulieu, 893 F.2d at 1181 (stating that reliable hearsay may be used at sentencing to determine appropriate punishment).

Thus, we conclude the district court did not err when it enhanced Mr. Jones's sentence for his role as organizer of the criminal enterprise at issue.

Accordingly, we AFFIRM the district court's decision. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge