**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENNETH JONES,

      Defendant-Appellant.

No. 99-6122

(D.C. No. CIV-98-1663-A)
(W.D.Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Kenneth Jones seeks a certificate of appealability to appeal the district

court's denial of his 28 U.S.C. § 2255 motion to vacate sentence. He also seeks

leave to proceed on appeal in forma pauperis. We deny a certificate of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Jones pled guilty to possession with intent to distribute one ounce of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Jones to 235 months' imprisonment, enhancing his sentence as an organizer by finding Jones also was responsible for 19.24 ounces of crack cocaine previously seized at the airport. Jones appealed his sentence and this court affirmed in United States v. Jones, 133 F.3d 933, 1998 WL 3282 (table) (10th Cir. 1998). Jones filed a 28 U.S.C. § 2255 motion, claiming his counsel was ineffective in failing to challenge the government's portrayal of Jones' role in the offense at sentencing and on direct appeal. The district court denied his motion without a hearing.

To obtain vacation of his sentence on the basis of ineffective assistance of counsel, Jones must show a constitutionally deficient performance by his counsel and that prejudice resulted therefrom. Strickland v. Washington, 466 U.S. 668, 687 (1984). Jones claims his counsel was ineffective by failing to (1) hold the government to its burden of proof that the cocaine seized was crack cocaine as defined in U.S.S.G. § 2D1.1(c); (2) conduct an independent drug analysis to determine whether the substance was powder cocaine or crack cocaine; (3) argue Jones' sentence should not be enhanced under U.S.S.G. § 3B1.1(c) as an organizer; and (4) argue it was not reasonably foreseeable to Jones that the

2

cocaine would be converted to crack cocaine.

Jones has shown no deficient performance or prejudice on his assertions that his counsel failed to hold the government to its burden of proof that the cocaine seized was crack cocaine or that his counsel failed to conduct an independent drug analysis. A police officer testified that he field tested the substance immediately after it was seized and that it tested positive for crack cocaine. In Jones' direct appeal, this court found "the positive field test was sufficient evidence for the district court to conclude that the substance was, in fact, cocaine base." Jones, 1998 WL 3282, at *2. Jones has provided no authority for his assertion that his counsel was required to conduct an independent analysis of the substance.

Jones has also failed to show deficient performance by his counsel for enhancement of his sentence as an organizer. Counsel objected at sentencing to the government's description of Jones as a leader or organizer in the offense. Counsel reasserted this argument on direct appeal. In his direct appeal, this court found no error in the enhancement of Jones' sentence for his role as organizer. Id., at *4. We have held that § 3B1.1(c) is satisfied "upon a mere showing that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme." United States v. Baez-Acuna, 54 F.3d 634, 639 (10th Cir. 1995). Both the district court and this court found there

3

was sufficient evidence to link Jones to the cocaine that was seized at the airport and to establish that he instigated the transfer of the cocaine. Counsel was not ineffective in pursuing the issue or in challenging the evidence offered by the government in support of the enhancement either at trial or on appeal.

Jones also asserts his counsel was ineffective for failing to argue it was not reasonably foreseeable to Jones that the cocaine would be converted to crack cocaine. However, the drugs found were crack cocaine; there was no conversion involved. At sentencing, Jones' attorney did object to including the cocaine seized at the airport as a part of Jones' relevant conduct. The record does not show counsel's performance was in any way deficient or that Jones was prejudiced by the performance of his counsel.

Jones finally argues the district court erred in not holding a hearing on his § 2255 motion. A hearing on a § 2255 motion is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Such is the case here. The district court did not err in not holding a hearing on Jones' § 2255 motion.

We DENY Jones a certificate of appealability and DENY his motion for

4

leave to proceed on appeal in forma pauperis.  The appeal is DISMISSED.  The

mandate shall issue forthwith.

                              Entered for the Court

                              Mary Beck Briscoe
                              Circuit Judge