**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODRELL C. CASTINE,

Defendant - Appellant.

No. 97-4182

(D.C. No. 96-CR-270-J)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-Appellant, Mr. Rodrell Castine, was found guilty on two counts of possession of a controlled substance with intent to distribute, and he was sentenced to 115 months imprisonment. Defendant challenges the validity of his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction, asserting that the district court improperly denied his motion to suppress the evidence used to convict him.

On the morning of November 10, 1996, Utah Highway Patrolman Lance Bushnell was patrolling Interstate 70 in a marked patrol car. He observed a late-model white Chevrolet Suburban slow from 70 m.p.h. to 55 m.p.h. as it approached his patrol car. After observing the vehicle's deceleration, Officer Bushnell crossed the center median and drove at speeds approaching 100 m.p.h. to catch up to the Suburban. As the patrol car approached the Suburban, the officer observed the vehicle cross over into the emergency lane by a few inches on two occasions. See R., Vol. II at 7. While being pursued, the Suburban accelerated to 70 m.p.h. and then again reduced its speed to 55 m.p.h. The officer believed these acts were indicative of a driver who was impaired or falling asleep. He pulled alongside the Suburban and noticed (through a tinted window) that the driver had a "withdrawn look." Id. at 32; see id. at 22-23. Officer Bushnell then stopped the vehicle to investigate his belief that the driver was either fatigued or impaired. See id. at 8. As the officer approached the car on foot he noticed an "overpowering" odor of marijuana. Id. at 10. Defendant, the driver of the Suburban, was subjected to field sobriety tests, and he was found to be driving while under the influence of drugs. The Suburban was searched while Defendant was being subjected to the sobriety tests. This search yielded approximately forty

pounds of marijuana and two kilograms of cocaine.

After his arrest, Defendant filed a motion to suppress the drugs recovered during the search of the Suburban, alleging that the evidence was seized as the result of a warrantless traffic stop in violation of the Fourth Amendment. The district court held a hearing on the motion to suppress and then denied the motion. Defendant appeals his conviction to this court, arguing that the district court's denial of his motion to suppress was in error and that he is, therefore, entitled to have his case remanded. See Appellant's Br. at 42. He asserts that the search of the Suburban violated the Fourth Amendment's prohibition against unreasonable searches because Officer Bushnell did not have a justifiable basis for initially stopping the vehicle.

The district court held that because Officer Bushnell observed Defendant violating the Utah traffic code the stop was justified under the Supreme Court's holding in Whren v. United States, 517 U.S. 806, 819 (1996) (holding that probable cause to believe the traffic code has been violated renders a stop reasonable). See Appellant's Br. App. at 4-8. When a vehicle stop is "based on an observed traffic violation or . . . [a] reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring," the Fourth Amendment is not violated. United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc), cert. denied, 518 U.S. 1007 (1996). If Officer

Bushnell had a reasonable suspicion that Defendant violated Title 41 Utah Code Annotated by not keeping the Suburban within a single lane or by operating a vehicle while under the influence of drugs or alcohol, then the stop did not offend Defendant's Fourth Amendment rights. See id.; Utah Code Ann. §§ 41-6-61(1) & 41-6-44(2)(a).

Determinations of reasonable suspicion are reviewed *de novo*. See United States v. Edwards, 103 F.3d 90, 92 (10th Cir. 1996). We must consider the totality of the circumstances in which the officer acted and view the evidence in the light most favorable to the government. See United States v. Sokolow, 490 U.S. 1, 7-8 (1989); United States v. Wood, 106 F.3d 942, 946 (10th Cir. 1997); United States v. Parker, 72 F.3d 1444, 1449 (10th Cir. 1995). This court has held that driving over a lane divider or drifting into another lane constitutes a violation of Title 41 Utah Code Annotated section 6-61(1). See Parker, 72 F.3d at 1449; Botero-Ospina, 71 F.3d at 787-88. But see United States v. Gregory, 79 F.3d 973, 978 (10th Cir. 1996) (holding that an isolated incident of a vehicle drifting into the emergency lane of a highway is not a violation of this section); State v. Bello, 871 P.2d 584, 587 (Utah Ct. App.) (same), cert. denied, 883 P.2d 1359 (Utah 1994).

Officer Bushnell testified at the suppression hearing that Defendant twice crossed a lane divider. The officer also stated that Defendant's speed variations

and his "withdrawn look" led the officer to believe that, in light of the officer's knowledge and experience with drivers on that section of road at that time of day, Defendant might be driving while impaired. See R., Vol. II at 8-9, 32. This testimony is sufficient for us to conclude that the totality of the circumstances supported the officer's reasonable suspicion that a violation of the law was occurring. See United States v. Lee, 73 F.3d 1034, 1036, 1038 (10th Cir. 1996) (holding that a vehicle straddling the line dividing two driving lanes for 150 feet provided reasonable suspicion that driver was driving under the influence or fatigued); United States v. Barbee, 968 F.2d 1026, 1028-29 (10th Cir. 1992).

We conclude that there was no error in the district court's decision denying Defendant's motion to suppress; and, therefore, we **AFFIRM** Defendant's conviction.

Entered for the Court


Monroe G. McKay
Circuit Judge