**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONNIE LASHAWN ANDERSON,

Defendant - Appellant.

No. 97-4177
(D. Ct. No. 96-CR-270-J)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, and **TACHA**, Circuit Judges.

Defendant-Appellant Monnie Lashawn Anderson was found guilty on two counts of possession of a controlled substance with intent to distribute and was sentenced to 60 months imprisonment, followed by a three-year period of supervised release. On appeal, defendant challenges the validity of her conviction, asserting that the district court improperly denied her motion to suppress the evidence used to convict her. Defendant also challenges her sentence, claiming that the district court erred when it failed to depart downward

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

from the mandatory minimum sentence pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f) and United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

On the morning of November 10, 1996, Utah Highway Patrolman Lance Bushnell monitored Interstate 70 in a marked patrol car. He observed a late-model white Chevrolet Suburban slow from 70 m.p.h. to 55 m.p.h. as it approached his patrol car, despite the posted speed limit of 75 m.p.h. After observing the vehicle's deceleration, Officer Bushnell crossed the center median and drove at speeds approaching 100 m.p.h. in pursuit of the Suburban. As the patrol car approached the Suburban, Officer Bushnell observed the vehicle cross over into the emergency lane by a few inches on two occasions. While pursued, the Suburban accelerated to 70 m.p.h. and again reduced its speed to 55 m.p.h. Officer Bushnell believed these acts indicated an impaired or fatigued driver. He pulled alongside the Suburban and noticed through a tinted window that the driver had a "withdrawn look." He then stopped the vehicle to investigate his belief that the driver was either falling asleep or impaired. As Officer Bushnell approached the car on foot, he noticed an "overpowering" odor of marijuana. During these events, defendant sat in the front passenger seat of the Suburban. Backup officers soon arrived and administered field sobriety tests to the driver of the Suburban,

Rodrell Castine. They found Mr. Castine to be driving while under the influence of drugs. The officers subsequently searched the Suburban for narcotics. This search yielded approximately forty pounds of marijuana and two kilograms of cocaine. The officers arrested the defendant along with Mr. Castine, and she was charged with two counts of possession of a controlled substance with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C).

After her arrest, Ms. Anderson filed a motion to suppress the drugs recovered during the search of the Suburban, alleging that the officers seized the evidence as the result of a warrantless traffic stop in violation of the Fourth Amendment. The district court held a hearing on the motion to suppress and denied it, holding that Officer Bushnell's observation of Mr. Castine violating the Utah traffic code justified the stop under the Supreme Court's holding in Whren v. United States, 517 U.S. 806, 819 (1996). On August 12 and 14, 1997, a jury trial was held. The defendant was convicted on both counts. The trial court imposed a sentence of 60 months imprisonment, departing downward three months from the statutory minimum sentence, based on grounds other than the safety valve provision. The judge also imposed a three-year period of supervised release to follow Ms. Anderson's incarceration. This appeal followed.

Ms. Anderson argues that the district court erred in denying her motion to

suppress and that she is therefore entitled to have her case remanded. In particular, she claims that the search of the Suburban violated the Fourth Amendment's prohibition against unreasonable searches because Officer Bushnell did not have a justifiable basis for initially stopping the vehicle. We review determinations of reasonable suspicion de novo. See United States v. Edwards, 103 F.3d 90, 92 (10th Cir. 1996). We must consider the totality of the circumstances in which the officer acted and view the evidence in the light most favorable to the government. See United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998).

"[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc); accord Whren, 517 U.S. at 819. Therefore, if Officer Bushnell had a reasonable suspicion that the driver of the Suburban violated Title 41 of the Utah Code by not keeping his vehicle within a single lane, see Utah Code Ann. § 41-6-61(1), or by operating a vehicle while under the influence of drugs or alcohol, see Utah Code Ann. § 41-6-44(2)(a), the stop did not offend defendant's Fourth Amendment rights. Mr. Castine, the driver of the Suburban, raised this identical issue in his appeal. See United States v. Castine, 156 F.3d 1244, 1998 WL

516842 (10th Cir. Aug. 17, 1998) (unpublished opinion). The Castine panel held that the testimony of Officer Bushnell was "sufficient for us to conclude that the totality of the circumstances supported the officer's reasonable suspicion that a violation of the law was occurring." Id. at *2. We agree with the decision in Castine. The Suburban's erratic speed changes, swerving outside the lane, and the driver's "withdrawn" look, combined with the Officer Bushnell's knowledge and experience with drivers on that section of the road during that time of day, provide sufficient evidence to support a finding of reasonable suspicion that a traffic violation was occurring. We thus conclude that the district court did not err in denying Ms. Anderson's motion to suppress.

Ms. Anderson also appeals the sentence imposed by the district court. She claims that the district court erred when it failed to reduce her sentence under the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We disagree. Although we review the district court's interpretation and application of the Sentencing Guidelines de novo, see United States v. Hershberger, 962 F.2d 1548, 1550 (10th Cir. 1992), we review the district court's factual findings underlying a Sentencing Guideline departure for clear error, see United States v. Flinn, 987 F.2d 1497, 1500 (10th Cir. 1993).

U.S.S.G. § 5C1.2 states that the district court shall, in the case of an offense under 21 U.S.C. § 841, impose a sentence without regard to any minimum

statutory sentence, provided the defendant meets the five criteria of 18 U.S.C. § 3553(f).[1] This court has held that the defendant has the burden of proving by a preponderance of the evidence that he or she is entitled to a safety valve reduction. See United States v. Verners, 103 F.3d 108, 110 (10th Cir. 1996).

Contrary to Ms. Anderson's claim that the court failed to make an independent finding as to her eligibility for the safety valve reduction, the court did make such a finding. After hearing arguments from both defense counsel and

---

[1]Those criteria are:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)-(5).

the prosecution regarding the applicability of the safety valve provision, the district court explained that it agreed with the jury, which found that Ms. Anderson had knowingly possessed illegal drugs. Specifically, the court stated: "I have no reason to quarrel with the jury's determination. I believe that they made the correct determination, and I know of no reason why I should, in any way, in this instance where I have an independent obligation, find differently." Sentencing Hr'g Tr. at 22. Ms. Anderson continued to assert that she did not know the drugs were in the Suburban. By finding Ms. Anderson knew the drugs were in the truck, the district court had to conclude that she had not provided the government with all the information she had concerning the offense, as required by 18 U.S.C. § 3553(f)(5). Ms. Anderson, therefore, failed to demonstrate her entitlement to a sentence reduction under the safety valve provision. Even assuming, as the defendant urges, that the district court, for the purpose of sentencing, has the discretion to make findings different than those made by the jury, see United States v. Sherpa, 110 F.3d 656, 662-63 (9th Cir. 1997), nothing prevents the district court from reaching the same conclusions as the jury.

Additionally, upon review of the record, we find no clear error in the district court's finding that the defendant has failed to satisfy her burden of proof in this case. A finding is clearly erroneous only when it is "without factual support in the record, or if after reviewing the evidence[,] we are left with the

definite and firm conviction that a mistake has been made." United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir. 1990). The record in this case contains facts that adequately support the district court's finding that Ms. Anderson did not qualify for the safety valve reduction. The record reveals that Ms. Anderson had frequently used marijuana and was familiar with the smell of raw marijuana. Despite her knowledge and experience with marijuana, she consistently denied knowing anything about the marijuana that was concealed in the Suburban, notwithstanding the testimony of the police officers that the odor of raw marijuana emanating from the Suburban was "very strong" and "overpowering." Ms. Anderson's denials under such circumstances indicate that the district court did not clearly err in finding she did not satisfy 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2.

For the reasons discussed above, we AFFIRM defendant's conviction and sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge